UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:21-CV-239-RGJ

| | |
|---|---|
| RAYTHEON COMPANY | Plaintiff |
| v. | |
| AHTNA SUPPORT AND TRAINING SERVICES, LLC, AHTNA NETIYE', LLC, AHTNA, INCOPROATED, THOMAS M. OWENS, DAVID L. METCALF, AND GREGORY L. HART, II | Defendants |

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Raytheon Company ("Raytheon") moves the Court for an Order extending the time to effect service of process upon Defendant Thomas M. Owens for forty-five days. [DE 8]. For the reasons below, the motion is **GRANTED.**

## I.  BACKGROUND

On April 14, 2021, Raytheon filed a Complaint against Defendants Ahtna Support and Training Services, LLC, Ahtna Netiye', LLC, and Ahtna, Incorporated (collectively, the "Ahtna Defendants"), and Thomas M. Owens ("Owens"), David L. Metcalf, and Gregory L. Hart, II. [DE 1]. Raytheon served the Ahtna Defendants. [DE 7]. Raytheon details by affidavit its multiple unsuccessful attempts to serve Owens via a process server and information garnered during that process confirming Owens lives at the residence where service attempted. [DE8-1].

## II.  STANDARD

Rule 4(m) of the Federal Rules of Civil Procedure provides that a court "must extend the time for service for an appropriate period" when the plaintiff can show good cause for its inability

to serve a defendant within 90 days. Fed. R. Civ. P. 4(m). As recognized by this Court and the Sixth Circuit,

> Rule 4(m) requires the district court to undertake a two-part analysis. First, the court must determine whether the plaintiff has shown good cause for the failure to effect service. If he has, then "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added). Second, if the plaintiff has not shown good cause, the court must either (1) dismiss the action or (2) direct that service be effected within a specified time.

*John W. Stone Oil Distrib., LLC v. PBI Bank, Inc.*, No. 3:09-CV-862-H, 2010 WL 3221800, at *1–2 (W.D. Ky. Aug. 12, 2010) (citing *Stewart v. Tennessee Valley Auth.*, 238 F.3d 424 (6th Cir. 2000) (table opinion)). Thus, a court may extend the deadline to serve a defendant even without good cause. *See Henderson v. United States*, 517 U.S. 654, 662 (1996) ("Most recently, in 1993 amendments to the Rules, courts have been accorded discretion to enlarge the [former] 120-day period 'even if there is no good cause shown.'"); *see also John W. Stone*, 2010 WL 3221800, at *4 ((extending the time for service even though the plaintiff failed to make an adequate showing of good cause)).

When deciding whether to exercise discretion to extend time to serve defendants, courts consider whether:

> (1) a significant extension of time is required; (2) an extension of time would cause actual prejudice to the defendant other than the inherent prejudice in having to defend the lawsuit; (3) whether the defendant had actual notice of the lawsuit; (4) whether dismissal of the complaint without prejudice under Rule 4(m) would substantially prejudice the plaintiffs, *i.e.,* cause the plaintiffs' suit to be time-barred by the statute of limitations; and (5) whether the plaintiffs have made diligent, good faith efforts to effect proper service of process.

*See Treadway v. California Prod. Corp.*, No. 2:13-CV-120, 2013 WL 6078637, at *6 (E.D. Tenn. Nov. 19, 2013). Courts have recognized that evading service is an adequate basis for granting an extension of time. *See Turner v. Kentucky Transp. Cabinet,* No. CIV.A. 3: 10-39-DCR, 2010 WL 5014516, at *4 (E.D. Ky. Dec. 3, 2010) (granting the plaintiff a twenty day extension to complete

service and noting that "absent a showing that the defendant has taken action to evade service, it will not grant any further extensions of time to complete service"). The Advisory Committee Note to Rule 4's 1993 amendment reflects this recognition. *See* Advisory Committee Notes to 1993 Revision of Rule 4(m) ("The new subdivision . . . authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown . . . Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.") (citing *Ditkof v. Owens-Illinois, Inc.*, 114 F.R.D. 104 (E.D. Mich. 1987)).

### III. DISCUSSION

The factors support allowing Raytheon additional time to serve Owens. Raytheon has made diligent efforts to serve Owens and Owens appears to be evading service of process. [DE 8-1 at 72-73, Aff. of Mike May]. Raytheon requests another forty-five days to serve Owen. Courts have found forty-five day extensions reasonable. *See Arora v. Buckhead Fam. Dentistry, Inc.*, 263 F. Supp. 3d 121, 134 (D.D.C. 2017) (extension of time for a period of 45 days to effect service of process was warranted where party acted in good faith and with reasonable diligence, unserved party would not have been unfairly prejudiced by an order granting extension, and there was uncertainty regarding the governing statute of limitations). This extension of time would not substantially prejudice Owens given the early stage of this litigation. Raytheon would be prejudiced absent an extension as dismissal of Owens for lack of service of process would require Raytheon to refile this action against Owens. In that event, Raytheon may well face the same difficulty serving Owens.

## IV.   CONCLUSION

For the reasons above, and being otherwise sufficiently advised, **THE COURT ORDERS AS FOLLOWS**:

1. Raytheon Company's Motion to Extend Time to Effect Service on Defendant Thomas M. Owens [DE 8] is **GRANTED** for good cause shown.

2. The Court **EXTENDS** the deadline for Raytheon to effect service on Defendant Thomas M. Owens for a period of **forty-five days** from the date of the entry of this Order.

*Rebecca Grady Jennings, District Judge*
United States District Court

July 19, 2021

Copies to:     Counsel of record