UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| RAYTHEON COMPANY, | |
| PLAINTIFF | |
| v. | CASE NO. 3:21-cv-00239-RGJ |
| AHTNA SUPPORT AND TRAINING SERVICES, LLC, *et. al.*, | |
| DEFENDANTS/THIRD-PARTY PLAINTIFFS, | |
| v. | |
| SAFT AMERICA INC. and KOORSEN FIRE & SECURITY, INC., | |
| THIRD-PARTY DEFENDANTS. | |

**SAFT AMERICA, INC.'S ANSWER TO THIRD-PARTY COMPLAINT**

Third-Party Defendant Saft America, Inc. ("Saft"), by counsel, for its answer to Ahtna Support and Training Services, LLC's ("Ahtna") Third-Party Complaint [DE 70], states as follows:

## **FIRST AFFIRMATIVE DEFENSE**

1.      Saft admits the allegations contained in paragraph 1 of Ahtna's Third-Party Complaint.

2.      Saft is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Ahtna's Third-Party Complaint and therefore denies the same.

3.      Saft is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 2 of Ahtna's Third-Party Complaint that "Raytheon has also turned a blind eye to the following undeniable truths:" and therefore denies the same.

(a)      Saft denies the allegations contained in subpart (a) of paragraph 2 of Ahtna's Third-Party Complaint.

(b)      Saft denies the allegations contained in subpart (b) of paragraph 2 of Ahtna's Third-Party Complaint to the extent such allegations allege knowledge on Saft's behalf. Saft is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in subpart (b) of paragraph 2 of Ahtna's Third-Party Complaint to the extent such allegations allege knowledge on Raytheon and Koorsen's behalf and therefore denies the same.

(c)      Saft is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in subpart (c) of paragraph 2 of Ahtna's Third-Party Complaint and therefore denies the same.

(d)      No response is required to the extent subpart (d) of paragraph 2 of Ahtna's Third-Party Complaint contains legal conclusions.  To the extent subpart (d) of paragraph 2 of Ahtna's Third-Party Complaint alleges causes of action against Saft, such allegations are denied. Saft also denies Ahtna's reference in subpart (d) of paragraph 2 that it is entitled to "contribution," as the Court dismissed Ahtna's contribution claim against Saft on August 22, 2022.  [DE 102].

**PARTIES AND JURISDICTION**

4.      Saft is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Ahtna's Third-Party Complaint and therefore denies the same.

5.      Saft admits the allegations contained in paragraph 5 of Ahtna's Third-Party Complaint that it is a Delaware corporation and that's its principal place of business is located at 13575 Waterworks Street, Jacksonville, Florida 32221.

6.      Paragraph 6 of Ahtna's Third-Party Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Saft denies the same.

7.      Saft is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Ahtna's Third-Party Complaint and therefore denies the same.

8.      Saft is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Ahtna's Third-Party Complaint and therefore denies the same.

9.      Paragraph 9 of Ahtna's Third-Party Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Saft denies the same.

## VENUE

10.      Paragraph 10 of Ahtna's Third-Party Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Saft admits, upon information and belief, that venue in this district court is proper for this cause of action.

## NATURE OF THE ACTION

11.      Saft admits the allegations contained in paragraph 11 of Ahtna's Third-Party Complaint.

12.      Saft is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Ahtna's Third-Party Complaint and therefore denies the same.

13.     Saft admits it designed and manufactured certain LBBs supplied to Raytheon that were stored at the Fairdale Site.  Saft denies the remaining allegations contained in paragraph 12 of Ahtna's Third-Party Complaint.

14.     Saft is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Ahtna's Third-Party Complaint and therefore denies the same.

15.     To the extent the allegations in paragraph 15 of Ahtna's Third-Party Complaint allege Saft's batteries were not "properly designed and manufactured," Saft denies those allegations.  Saft is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of Ahtna's Third-Party Complaint and therefore denies the same.

16.     Saft is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Ahtna's Third-Party Complaint and therefore denies the same.

17.     Saft is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Ahtna's Third-Party Complaint and therefore denies the same.

18.     Saft is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of Ahtna's Third-Party Complaint and therefore denies the same.

19.     Saft is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Ahtna's Third-Party Complaint and therefore denies the same.

20.     Saft denies the allegations contained in paragraph 20 of Ahtna's Third-Party Complaint insinuating that it in any way caused an alleged "catastrophic thermal failure" of an LBB.  Saft is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of Ahtna's Third-Party Complaint and therefore denies the same.

21.     Saft denies the allegations contained in paragraph 21 of Ahtna's Third-Party Complaint.

22.     Saft denies the allegations contained in paragraph 22 of Ahtna's Third-Party Complaint.

23.     Saft is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of Ahtna's Third-Party Complaint and therefore denies the same.

24.     Saft denies the allegations contained in paragraph 24 of Ahtna's Third-Party Complaint that "Vault #2 failed exothermically as a result of a defective battery management system, causing a fire to ignite within the Vault causing the damages claimed against Ahtna Defendants."  Saft is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24 of Ahtna's Third-Party Complaint and therefore denies the same.

25.     Saft is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of Ahtna's Third-Party Complaint and therefore denies the same.

26.     Saft is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of Ahtna's Third-Party Complaint and therefore denies the same.

27.     Saft is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of Ahtna's Third-Party Complaint and therefore denies the same.

28.     Saft is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of Ahtna's Third-Party Complaint and therefore denies the same.

29.     Saft denies the allegation contained in paragraph 29 of Ahtna's Third-Party Complaint that a second fire "occurred within Vault # 2 resulting from the LBBs remaining within Vault #2."  Saft is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 of Ahtna's Third-Party Complaint and therefore denies the same.

30.     Saft is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of Ahtna's Third-Party Complaint and therefore denies the same.

31.     Saft denies the allegations contained in paragraph 31 of Ahtna's Third-Party Complaint.

32.     Saft is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of Ahtna's Third-Party Complaint and therefore denies the same.

## COUNT I – STRICT LIABILITY AGAINST SAFT AMERICA, INC.

33.     In response to paragraph 33 of Ahtna's Third-Party Complaint, Saft incorporates by reference, as though fully set forth herein, its responses to the allegations contained in paragraphs 1 through 32.

34.     In response to paragraph 34 of Ahtna's Third-Party Complaint, Saft incorporates by reference, as though fully set forth herein, its responses to the allegations contained in paragraphs 1 through 33.

35.     Saft admits the allegations contained in paragraph 35 of Ahtna's Third-Party Complaint.

36.     Saft  denies the allegations contained in paragraph 36 of Ahtna's Third-Party Complaint.

37.     Saft  denies the allegations contained in paragraph 37 of Ahtna's Third-Party Complaint.

38.     Saft denies the allegations contained in paragraph 38 of Ahtna's Third-Party Complaint.

39.     Saft  denies the allegations contained in paragraph 39 of Ahtna's Third-Party Complaint.

## COUNT II – NEGLIGENCE AGAINST SAFT AMERICA, INC. FOR ITS NEGLIGENCE

40.     In response to paragraph 40 of Ahtna's Third-Party Complaint, Saft incorporates by reference, as though fully set forth herein, its responses to the allegations contained in paragraphs 1 through 39.

41.     In response to paragraph 33 of Ahtna's Third-Party Complaint, Saft incorporates by reference, as though fully set forth herein, its responses to the allegations contained in paragraphs 1 through 40.

42. Saft admits the allegations contained in paragraph 42 of Ahtna's Third-Party Complaint.

43. Saft denies the allegations contained in paragraph 43 of Ahtna's Third-Party Complaint.

44. Saft denies the allegations contained in paragraph 44 of Ahtna's Third-Party Complaint.

45. Saft denies the allegations contained in paragraph 45 of Ahtna's Third-Party Complaint.

46. Saft denies the allegations contained in paragraph 46 of Ahtna's Third-Party Complaint.

## COUNT III – IMPLIED INDEMNITY AGAINST SAFT AMERICA, INC.

47. In response to paragraph 47 of Ahtna's Third-Party Complaint, Saft incorporates by reference, as though fully set forth herein, its responses to the allegations contained in paragraphs 1 through 46.

48. In response to paragraph 48 of Ahtna's Third-Party Complaint, Saft incorporates by reference, as though fully set forth herein, its responses to the allegations contained in paragraphs 1 through 47.

49. Saft admits the allegations contained in paragraph 49 of Ahtna's Third-Party Complaint to the extent Saft engaged in such behavior.  Saft denies the allegations in paragraph 49 of Ahtna's Third-Party Complaint to the extent they are read to allege Saft "service[d]" and "repair[ed]" the LBB Tom Owens hit with a pry bar and sledge hammer on May 13th that resulted in the fires that are the subject of this lawsuit.

50. Saft denies the allegations contained in paragraph 50 of Ahtna's Third-Party Complaint.

51.     Saft denies the allegations contained in paragraph 51 of Ahtna's Third-Party Complaint.

52.     Saft denies the allegations contained in paragraph 52 of Ahtna's Third-Party Complaint.

53.     Saft denies the allegations contained in paragraph 53 of Ahtna's Third-Party Complaint.

54.     Saft denies the allegations contained in paragraph 54 of Ahtna's Third-Party Complaint.

### COUNT IV – NEGLIGENCE AGAINST KOORSEN FIRE & SECURITY, INC.

55.     In response to paragraph 55 of Ahtna's Third-Party Complaint, Saft incorporates by reference, as though fully set forth herein, its responses to the allegations contained in paragraphs 1 through 54.

56.     In response to paragraph 56 of Ahtna's Third-Party Complaint, Saft incorporates by reference, as though fully set forth herein, its responses to the allegations contained in paragraphs 1 through 55.

57.     The allegations contained in paragraph 57 of Ahtna's Third-Party Complaint are directed to a party other than Saft, and therefore no response is required.  To the extent Saft is required to respond, Saft denies same.

58.     The allegations contained in paragraph 58 of Ahtna's Third-Party Complaint are directed to a party other than Saft, and therefore no response is required.  To the extent Saft is required to respond, Saft denies same.

59.     The allegations contained in paragraph 59 of Ahtna's Third-Party Complaint are directed to a party other than Saft, and therefore no response is required.  To the extent Saft is required to respond, Saft denies same.

60.     The allegations contained in paragraph 60 of Ahtna's Third-Party Complaint are directed to a party other than Saft, and therefore no response is required.  To the extent Saft is required to respond, Saft denies same.

61.     The allegations contained in paragraph 61 of Ahtna's Third-Party Complaint are directed to a party other than Saft, and therefore no response is required.  To the extent Saft is required to respond, Saft denies same.

### COUNT V – IMPLIED INDEMNITY AGAINST KOORSEN FIRE & SECURITY, INC. BASED ON ITS NEGLIGENCE

62.     In response to paragraph 62 of Ahtna's Third-Party Complaint, Saft incorporates by reference, as though fully set forth herein, its responses to the allegations contained in paragraphs 1 through 61.

63.     In response to paragraph 63 of Ahtna's Third-Party Complaint, Saft incorporates by reference, as though fully set forth herein, its responses to the allegations contained in paragraphs 1 through 62.

64.     The allegations contained in paragraph 64 of Ahtna's Third-Party Complaint are directed to a party other than Saft, and therefore no response is required.  To the extent Saft is required to respond, Saft denies same.

65.     The allegations contained in paragraph 65 of Ahtna's Third-Party Complaint are directed to a party other than Saft, and therefore no response is required.  To the extent Saft is required to respond, Saft denies same.

66.     The allegations contained in paragraph 66 of Ahtna's Third-Party Complaint are directed to a party other than Saft, and therefore no response is required.  To the extent Saft is required to respond, Saft denies same.

67.     The allegations contained in paragraph 67 of Ahtna's Third-Party Complaint are directed to a party other than Saft, and therefore no response is required.  To the extent Saft is required to respond, Saft denies same.

68.     The allegations contained in paragraph 68 of Ahtna's Third-Party Complaint are directed to a party other than Saft, and therefore no response is required.  To the extent Saft is required to respond, Saft denies same.

69.     Saft denies Ahtna's ad damnums.

70.     Saft denies any allegation contained in Ahtna's Third-Party Complaint not expressly admitted herein.

## SECOND AFFIRMATIVE DEFENSE

Any alleged damages were caused by and arose out of risks known to and assumed by Ahtna.

## THIRD AFFIRMATIVE DEFENSE

Ahtna's alleged damages were caused by the negligent acts and/or omissions of persons or entities other than Saft.  Said acts and/or omissions constitute independent, unforeseeable, intervening, and/or superseding causes not under the control of Saft and for which Saft is not liable.

## FOURTH AFFIRMATIVE DEFENSE

Ahtna's claims may be barred or diminished by the doctrine of comparative fault, which includes but is not limited to, the negligence, fault, contributory negligence and/or an express or implied assumption of the risk of plaintiff, third parties, other parties, former parties to this action, or other persons or entities not parties to this action.  Thus, Saft is not liable to Ahtna, or, in the alternative, fault should be apportioned accordingly.

## FIFTH AFFIRMATIVE DEFENSE

Ahtna's alleged injuries and damages are the sole and proximate consequence of Ahtna's own unforeseeable misuse, abnormal use, or improper use of the subject product, including failing to follow the instructions for use and care.  Further, Ahtna failed to observe and use ordinary care and caution for its employee's own safety.  In this regard, and generally, Saft hereby invokes the doctrines of comparative fault, comparative or contributory negligence, and/or comparative causation, to reduce or defeat the recovery of Ahtna herein, if any.

## SIXTH AFFIRMATIVE DEFENSE

Ahtna has a duty to mitigate its damages and to the extent it has failed to do so, it may not recover such damages which may have been avoided or otherwise lessened.

## SEVENTH AFFIRMATIVE DEFENSE

Ahtna's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, accord and satisfaction, and setoff.

## EIGHTH AFFIRMATIVE DEFENSE

In the event that it is determined that the subject product used by Ahtna was manufactured and distributed by Saft, it complied with all applicable laws, regulations, and safety standards, and was state of the art at the time it left Saft's custody and control.

## NINTH AFFIRMATIVE DEFENSE

Ahtna is not entitled to recover to the extent any alleged damages or injuries were caused by the misuse, abuse, or failure to properly maintain or care for the product at issue herein.

## TENTH AFFIRMATIVE DEFENSE

No alleged act or omission of Saft was malicious, willful, wanton, reckless or grossly negligent.

## ELEVENTH AFFIRMATIVE DEFENSE

The subject product complied with all federal, state, local, and industry standards, codes, regulations, specifications, and statutes regarding the manufacture, sale, and use of the product at all times pertinent to this action.

## TWELFTH AFFIRMATIVE DEFENSE

Ahtna's claims may be barred because the damages complained of were caused by a modification or alteration of the product at issue made by a person after the delivery to the initial user or consumer which modification or alteration was the proximate cause of the damages complained of by Ahtna, and such modification or alteration was not reasonably expected by Saft.

## THIRTEENTH AFFIRMATIVE DEFENSE

The product at issue was not unreasonably dangerous, was suitable for its intended purpose, and was sold and distributed with adequate warnings and instructions.

## FOURTEENTH AFFIRMATIVE DEFENSE

Saft incorporates by reference, as if fully set forth herein, any and all defenses that are or may become available to it pursuant to the provisions of the Restatement (Second) of Torts and Restatement (Third) of Torts and all comments thereto.

## FIFTEENTH AFFIRMATIVE DEFENSE

Saft specifically reserves the right to assert all defenses, whether affirmative or otherwise, about which it presently lacks sufficient information but which may become available to it during the course of litigation.

## SIXTEENTH AFFIRMATIVE DEFENSE

Ahtna fails to state a claim for which relief may be granted.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Ahtna's claims may be barred, in whole or in part, by any applicable statute(s) of limitations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Saft is entitled to a presumption that the allegedly defective battery was not defective under KRS 411.310 since the property damage occurred more than five years after the date of sale of the allegedly defective LBB to the first consumer and/or more than eight years after the date of manufacture.

Respectfully submitted,

*/s/ Kyle S. Schroader*

Ian T. Ramsey
Neil E. Barton
**STITES & HARBISON PLLC**
400 West Market Street
Suite 1800
Louisville, KY 40202-3352
Telephone:  (502) 587-3400
iramsey@stites.com
nbarton@stites.com

and

Kyle S. Schroader
**STITES & HARBISON PLLC**
250 W. Main Street, Suite 2300
Lexington, KY 40507-1758
Telephone: (859)-226-2300
kschroader@stites.com

*Counsel for Saft America Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2023, using the United States District Court's ECF system for filing and transmittal of a Notice of Electronic of Filing to the following ECF registrants:

Andrew F. Gann, Jr.
Frank Talbott
Sarah V. Bondurant Price
**McGUIRE WOODS LLP**
800 E. Canal Street
Richmond, VA 23219
Phone: (804)-775-1643
Fax: (804)-698-2143
agann@mcguirewoods.com
ftalbott@mcguirewoods.com
vbondurantprice@mcguirewoods.com

and

Rodney D. Payne
**BOEHL STOPHER & GRAVES, LLP**
400 W. Market Street, Suite 2300
Louisville, KY 40202
Phone: (502)-589-5980
Fax: (502)-561-9400
rdpayne@bsg-law.com

*Counsel for Plaintiff*

Anthony M. Pernice
Brian Scott Jones
**REMINGER, CO., LPA**
730 W. Main Street, Suite 300
Louisville, KY 40202
Phone: (502)-584-1310
Fax: (502)-589-5436
apernice@reminger.com
sjones@reminger.com

and

Clem C. Trischler
Frank H. Stoy
**PIETRAGALLO GORDON ALFANO BOSICK & RASPANI, LLP**
301 Grant Street, 38th Floor One Oxford Centre
Pittsburgh, PA 15219
Phone: (412)-263-2001
Fax: (412)-263-2001
cct@pietragallo.com
FHS@pietragallo.com

*Counsel for Defendants and Third-Party Plaintiffs Ahtna Support and Training Services, LLC, Ahtna Netiye' LLC, and Ahtna, Incorporated*

D. Christopher Robinson
Douglas W. Langdon
Michelle C.M. Fox
**FROST BROWN TODD LLC**
400 West Market Street, Suite 3200
Louisville, KY 40202
Phone: (502)-779-8722
Fax: (502)-581-1087
crobinson@fbtlaw.com
dlangdon@fbtlaw.com
mfox@fbtlaw.com

*Counsel for Defendant Thomas M. Owens*

Chadwick A. Wells
Charles Michael Van Sickle
**WARD HOCKER & THORNTON, PLLC**
9300 Shelbyville Road, Suite 700
Louisville, KY 40222
Phone: (502)-583-7012
Fax: (502)-583-7018
cwells@whtlaw.com
mike.vansickle@whtlaw.com

*Counsel for Third-Party Defendant Koorsen Fire & Security, Inc.*

*/s/ Kyle S. Schroader*
Kyle S. Schroader

878745:2